UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DAVID L. HOUSTON, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:20-CV-491-RLJ-DCP |
| SGT. KIDD, OFFICER SPARKS, and OFFICER KAEELER, | ) |
| Defendants. | ) |

# MEMORANDUM OPINION

Defendants Sergeant Kidd, Officer Sparks, and Officer Kaeeler[1] ("Defendants") have filed a motion to dismiss Plaintiff's pro se prisoner's complaint for violation of 42 U.S.C. § 1983 [Doc. 28]. Plaintiff has not submitted a response to the motion, and the deadline to do so has passed. *See* E.D. Tenn. L.R. 7.1. Having fully considered the parties' pleadings and the applicable law, the Court finds that Defendants' motion should be granted.

## I. PLAINTIFF'S RELEVANT ALLEGATIONS

Plaintiff contends that on December 1, 2019, while housed at the Knox County Detention Facility ("KCDF"), Officer Kaeeler[2] kicked him down the steps in Building 1, Pod B [Doc. 1 p. 7]. Plaintiff was handcuffed behind his back at the time [*Id.*]. As a result, Plaintiff's jaw was broken, and his front tooth was knocked out [*Id.*]. Later the same date, Officer Sparks shot Plaintiff in the penis with a taser [*Id.*].

---

[1] This Defendant's name is actually "Tyler Keeler" [*See* Doc. 28 p. 1]. The Court retains Plaintiff's designation of this Defendant's name for purposes of consistency.

[2] Plaintiff initially named this Defendant as "Officer Kuban," but when Plaintiff subsequently identified the intended Defendant as "Kaeeler," the Court allowed the substitution [Doc. 10].

On June 21, 2020, Officer Kidd ordered Plaintiff to be placed in handcuffs and a belly chain and moved to a segregated cell for three weeks without a mattress, sheet, blanket, toilet paper, eating utensil, soap, toothpaste, or towel [*Id*. at 4].

## II. MOTION TO DISMISS STANDARD

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. at 679. When considering a plaintiff's claims, all factual allegations in the complaint must be taken as true. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, the Supreme Court has cautioned:

> Determining whether a complaint states a plausible claim for relief will. . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 679 (internal citations omitted).

Additionally, while Plaintiff's claim survived a frivolity review upon initial screening under the Prison Litigation Reform Act ("PLRA"), the standard for a Rule 12(b)(6) motion is a higher bar. *See, e.g, Leach v. Corr. Corp. of Am.*, No. 3:16-CV-2876, 2017 WL 35861, at *3 (M.D. Tenn. Jan. 4, 2017) (stating the required screening of a plaintiff's complaint under the PLRA is "a lower burden for the plaintiff to overcome in order for his claims to proceed" than a motion to dismiss under Rule 12(b)(6)). It is with these standards in mind that the Court considers the Defendants' motion.

### III. ANALYSIS

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The mandatory exhaustion requirement is one of "proper exhaustion," which requires a plaintiff to complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006).

Failure to exhaust administrative remedies is an affirmative defense that "inmates are not required to specially plead or demonstrate ... in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Nonetheless, where it is apparent from the face of the complaint that an inmate has failed to exhaust the relevant prison grievance procedure, the complaint may be dismissed for failure to state a claim upon which relief may be granted. *Id*. at 215-16.

In his complaint, Plaintiff stated that the KCDF has a grievance procedure, and that he "talked" to various personnel in an attempt to comply with that grievance procedure [Doc. 1 p. 2]. However, the Knox County Sheriff's Department has a Policy & Procedure Manual on Inmate Grievance Procedures [Doc. 28-1]. This procedure requires inmates to file a written grievance on a designated form and place it in the grievance box in his or her housing unit [Doc. 28 p. at 1-2].[3] Here, Plaintiff states that he only verbally complained, indicating that he filed no written grievance concerning the claims giving rise to this lawsuit. Moreover, a review of the certified copies of

---

[3] This Court has the authority to consider both public records and documents "referred to in the complaint and [] central to the claims contained therein[.]" *Rondigo, L.L.C. v. Twp .of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (providing that courts may consider such documents attached to motion to dismiss without converting the motion to one for summary judgment).

3

Plaintiff's written grievances filed at KCDF demonstrates that Plaintiff was indisputably aware of the grievance procedure and properly utilized that procedure as to other claims [Doc. 28-2]. Accordingly, the Court finds that Plaintiff failed to exhaust his § 1983 claims prior to bringing the instant suit, and Plaintiff's complaint is subject to dismissal pursuant to 42 U.S.C. § 1997e.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss [Doc. 28] will be **GRANTED**, and this action will be **DISMISSED WITH PREJUDICE**.

Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and that Plaintiff should be **DENIED** leave to proceed *in forma pauperis* on any subsequent appeal.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge